UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v. Case No. 8:13-cv-123-T-33EAJ

INNOVATIVE WEALTH BUILDERS, INC.; CARLY JANENE PELLAND a/k/a CARLY ZURITA; TAMARA DAWN JOHNSON; and SHERYL LEIGH LOPEZ,

Defendants.
_______________________________/

**ORDER**

On March 4, 2013, the Court directed non-party Independent Resources Network Corp. to turn over certain identified funds to the Receiver in this consumer protection action brought by the Federal Trade Commission. Independent Resources has filed an appeal of this Court's March 4, 2013, Order, and seeks an order staying enforcement of the Order pending appeal. After finding that the Order is not an appealable order, that Independent Resources invited the Court's ruling now appealed, and that Independent Resources is unlikely to prevail on appeal, the Court denies the Motion to Stay.

## I. Background

On January 14, 2013, the Federal Trade Commission initiated this action against Innovative Wealth Builders and

its officers for violating the FTC Act and the Telemarketing Sales Rules by engaging in "deceptive telemarketing campaigns throughout the United States designed to take money from already indebted consumers." (Doc. # 1). The FTC and the Innovative Defendants entered into an agreed Preliminary Injunction barring deceptive telemarketing activities and also vesting in a duly appointed Receiver all of the Innovative Defendants' assets. (Doc. # 31).

On February 5, 2013, non-party Independent Resources Corp., the credit card processing company utilized by Defendant Innovative Wealth, filed a Motion to Modify the Preliminary Injunction. (Doc. # 33). In essence, Independent Resources held $688,249.76 in its Reserve Account, and questioned whether it should be required to tender those funds to the Receiver. After considering the parties' written submissions (Doc. ## 33, 35, 38, 42, 43, 44) and holding an evidentiary hearing on March 1, 2013, the Court denied Independent Resources' Motion to Modify Preliminary Injunction and directed Independent Resources to deliver the $688,249.76 held in its Reserve Account to the Receiver. (Doc. # 54). However, as was suggested by Independent Resources at the evidentiary hearing, the Court directed the Receiver to place half of the funds into the general receivership account

(available to pay the expenses of the receivership estate) and directed the Receiver to place the other half of the funds into a separate account (not available to pay the expenses of the receivership estate). Id. This segregation of funds was suggested to protect Independent Resources' interest in the funds.

Independent Resources complied with the Court's Order by furnishing the funds to the Receiver and thereafter filed an appeal. (Doc. # 59). On March 7, 2013, Independent Resources filed an Emergency Motion for Stay of March 4, 2013, Order Pending Appeal (Doc. # 64). Independent Resources requests an Order requiring the Receiver to return the funds to Independent Resources for safekeeping pending the appeal. The Receiver and the Federal Trade Commission responded to the Motion on March 12, 2013. (Doc. ## 66, 67). Independent Resources filed a reply on March 13, 2013. (Doc. # 70). The Court denies the Motion.

## II. Motion for Stay Pending Appeal

"As a general rule, 'the filing of a notice of appeal divests the district court of control over those aspects of the case involved in the appeal.'" Pacific Ins. Co. v. Gen. Dev. Corp., 28 F.3d 1093, 1096 n.7 (11th Cir. 1994)(quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 58

(1982)). However, Rule 62(c) of the Federal Rules of Civil Procedure provides an exception to the rule:

> When an appeal is taken from an interlocutory or final judgment, granting, dissolving, or denying an injunction, the court in its discretion, may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party ...

Fed. R. Civ. P. 62(c).

Courts have interpreted Rule 62 to allow a district court to modify an injunction that has been appealed only to the extent necessary to maintain the status quo, and the modification cannot be such that it moots the appeal and divests the appellate court of jurisdiction. See Coastal Corp. v. Tex. E. Corp., 869 F.2d 817, 820 (5th Cir. 1989).

The Court considers the following four factors in determining whether a stay pending appeal is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "The first two factors . . . are the most critical. It is not enough that the chance of success on the merits be

'better than negligible.' . . . '[M]ore than a mere 'possibility' of relief is required.' . . . [S]imply showing some 'possibility of irreparable injury' fails to satisfy the second factor." Nken v. Holder, 556 U.S. 418, 434 (2009). In addition, "when the Government is the opposing party" the third and fourth factors "merge." Id. at 435.

The presence of a governmental entity notwithstanding, a stay is considered an "extraordinary relief" for which the moving party bears a "heavy burden." Winston-Salem/Forsyth County Bd. of Edu. v. Scott, 404 U.S. 1221, 1231 (1971). Independent Resources fails to meet this heavy burden.

**A. The Order is not Appealable**

Independent Resources is unlikely to prevail on appeal because the Court's March 4, 2013, Order is not appealable. Rule 62(c) provides for the appeal of an interlocutory order that "grants, dissolves, or denies an injunction." The Court's March 4, 2013, Order does none of these. Instead, the Order directed Independent Resources to turn over certain funds to the Receiver.

In addition, the Court of Appeals cannot exercise jurisdiction over an appeal unless its jurisdiction is authorized by a statute. OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1355 (11th Cir. 2008). Neither 28

U.S.C. § 1291 nor § 1292 authorize an appeal of the March 4, 2013, Order. That Order is not a "final decision" as described in § 1291 that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). It is the law of the Eleventh Circuit that "the turnover of funds to a Receiver . . . is . . . not a final adjudication of the rights of the Receiver in the funds." United States v. Beasley, 558 F.2d 1200, 1201 (5th Cir. 1977).[1] The Order is also not appealable under § 1292. "A mere administrative turn-over direction, in the course of a receivership . . . is not an interlocutory order granting an injunction, within the meaning of § 1292." Waylyn Corp. v. Casalduc, 219 F.2d 888, 890 (1st Cir. 1955); FTC v. Overseas Unlimited Agency, Ltd., 873 F.2d 1233 (9th Cir. 1989)("direct[ing] that funds be turned over to a receiver . . . does not constitute an 'injunction' within the meaning of 28 U.S.C. § 1292."). See also United States v. Chelsea Towers, Inc., 404 F.2d 329, 330 (3d Cir. 1968); Wark v. Spinuzzi, 376 F.2d 827 (5th Cir. 1967).

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

On a related ground, the Court denies the Motion because if the Court were to grant the relief requested--the immediate return of the funds to Independent Resources–-the appeal would likely be mooted.

**B. Independent Resources Invited the Court to Enter the Order**

Assuming, arguendo, that the March 4, 2013, Order is appealable, the Court determines that Independent Resources should not be permitted to appeal the Order because Independent Resources invited the Court to enter the questioned Order. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling . . . invited by that party." United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006); Birmingham Steel Corp. v. Tenn. Valley Auth., 353 F.3d 1331, 1340 n.5 (11th Cir. 2003)(same); see also United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009)("We are precluded . . . from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error.").

During the evidentiary hearing, counsel for Independent Resources represented to the Court:

> [W]e had suggested a 50/50 split, Your Honor, in terms of making 350,000 available for the receiver to use as the receiver sees fit and the other 350,000 to pay these chargebacks. We would-any

> procedure that the Court contemplates in terms of us going either to the receiver or going to the Court for permission to release any of those funds, showing that they're being used to-to pay chargebacks, any appropriate measures, uh, we'd be happy to abide by.

(Hearing Transcript Doc. # 60 at 134:5-14).

The FTC's counsel lacked the authority to consent to Independent Resources' proposed 50/50 split, but the Receiver indicated that he agreed to the proposal. The Receiver indicated at the hearing: "I think [Independent Resources] and- and I have come to an understanding, uh, uh, which could be we would simply split the funds. There's [$]688[,000]. . . . Half would go into a segregated bank account. . . . And the rest of it would go into the general receivership account." (Id. at 159:8-21).

The Court adopted Independent Resources' proposal and entered an Order reflecting its adoption of such proposal on March 4, 2013, the very order that Independent Resources now challenges. As argued by the Receiver, "IRN has received precisely what it requested at the hearing." (Doc. # 66 at 6). The Court does not agree that its adoption of Independent Resources' proposal was erroneous, but if such adoption constituted an error, such error was invited by Independent Resources.

### C. Independent Resources Cannot Satisfy Rule 62(c)

#### 1. It is Unlikely that Independent Resources Will Prevail on Appeal

The first prong of Rule 62(c), Fed. R. Civ. P., requires Independent Resources to demonstrate that it is likely to succeed on the merits of its appeal. Independent Resources cannot pass this threshold requirement because the Order it seeks to appeal is non-appealable. In addition, even if such Order were appealable, Independent Resources could not show that the Court's requirement that Independent Resources comply with the turnover provisions of the Preliminary Injunction was somehow inappropriate.

Section 13(b) of the FTC Act empowers the Court to exercise its inherent equitable powers by granting any ancillary equitable relief necessary to effectuate its grant of authority. See FTC v. Gem Merchant Corp., 87 F.3d 466, 469 (11th Cir. 1996)("the Court's authority to exercise full equitable powers is especially appropriate . . . [because] Section 13(b) plays an important role in enabling the FTC to enforce consumer protection laws."). As noted in FTC v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1434 (11th Cir. 1984), Section 13(b) empowers this Court to "order preliminary relief, including an asset freeze, that may be needed to make

permanent relief possible." Further, "since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake." Id.

During the hearing, Independent Resources acknowledged that this Court was acting within its "ample equitable powers." (Hearing Transcript Doc. # 60 at 134:1-2). The Court finds it exceedingly unlikely that the Eleventh Circuit would find an abuse of discretion at the Court's directive that the funds be turned over to a duly appointed Receiver. This is especially so because those funds were obtained directly from consumers that the FTC alleges were cheated and scammed by the Defendants. The Court's aim in entering the March 4, 2013, Order was to preserve the consumers' funds.

**2. There is no Risk of Irreparable Injury**

As articulated by the Receiver, "it is hard to understand how [Independent Resources] will suffer irreparable injury as a result of the Court's Order – when the Court ordered that the Receiver segregate half of the funds to protect [Independent Resources'] interest at [Independent Resources'] request." (Doc. # 66 at 9). To be sure, this Court's written Order did not make any final findings regarding ownership of

the funds. The Court's Order was preliminary in nature and was not intended to decide who the final owner of the funds should be. There can be no claim of irreparable injuries stemming from the Court's Order, particularly since half of the funds are segregated at Independent Resources' request to protect Independent Resources' interests (if any) to the funds.

In Conkright v. Frommert, 556 U.S. 1401 (2009), the Court commented:

> "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of the litigation, weighs heavily against a claim of irreparable harm."

Id. (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)).

During the hearing, James F. Marchese, the Executive Vice President of Independent Resources, testified that Independent Resources has "about 15,000" clients and handles transactions of "about 1.5 billion in a year." (Hearing Transcript Doc. # 60 at 33:19-22)(emphasis added). It strains credulity that the risk of a $350,000 loss could constitute an irreparable injury under governing law. In addition, even if, at the conclusion of the litigation, the Receiver must transfer back to Independent Resources some of the funds at issue, "[t]he

possible need to transfer money more than once does not equate to a showing of irreparable harm.” Breedlove v. Hartford Ins. Co., No. 6:11-cv-991-Orl-28TBS, 2013 U.S. Dist. LEXIS 12468, at *4 (M.D. Fla. Jan. 30, 2013)(denying motion for stay pending appeal). In light of the circumstances, the minimal risk of loss Independent Resources faces does not constitute a risk of irreparable injury.

**3. The Balance of the Equities and the Public Interest Weigh Against a Stay of the Order**

As noted, the third and fourth prongs of the Rule 62(c) analysis merge when the Government opposes a motion to stay. These dual considerations– the balance of the equities and the public interest– weigh heavily against a stay. In the context of this consumer fraud lawsuit, between protecting the interests of the credit card processor (an entity essential to the operation of the alleged consumer abuse) and preserving the funds for restoration of the injured consumers, this Court exercised its discretion in favor of the injured consumers.

As stated by the Federal Trade Commission, “Allowing Independent Resources to possess the funds now and to use them to reimburse itself for chargebacks it must pay to First California Bank would result in allowing Independent Resources to jump in line ahead of other potential creditors, most

significantly injured consumers." (Doc. # 68 at 16). Independent Resources' strained arguments regarding the balance of the equities and the public interest are unavailing. For these reasons, the Court denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Independent Resources' Emergency Motion for Stay of March 4, 2013, Order Pending Appeal (Doc. # 64) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record