UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff,
v.                                Case No.  8:13-cv-123-T-33EAJ

INNOVATIVE WEALTH BUILDERS,
INC., ET AL.,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the Receiver's First Interim Application for Payment for Services Rendered and Costs Incurred (Doc. # 74), filed on March 26, 2013. No party has filed an objection or response in opposition to the Receiver's application, and the time to do so has now expired. The Court accordingly grants the Receiver's application as unopposed.

**Discussion**

On January 14, 2013, the Federal Trade Commission initiated this action against Innovative Wealth Builders and its officers for violating the FTC Act and the Telemarketing Sales Rules by engaging in "deceptive telemarketing campaigns throughout the United States designed to take money from already indebted consumers." (Doc. # 1). On that same day, the Court entered an Order appointing Mark J. Bernet as the

Receiver for Innovative Wealth Builders, Inc. and its affiliates, subsidiaries, divisions, or business or sales operations, wherever located (the "Receivership Defendant"). (Doc. # 11 at 14).

On January 25, 2013, the FTC and the Defendants entered into an agreed Preliminary Injunction barring deceptive telemarketing activities. (Doc. # 31). The agreed Preliminary Injunction contains a detailed list of the Receiver's official duties, including but not limited to, assuming full control of the Receivership Defendant; taking custody, control, and possession of the Receivership Defendant's assets; securing the business premises of the Receivership Defendant; conserving, holding, and managing all of the Receivership Defendant's assets; entering into contracts and purchasing insurance as necessary; preventing the inequitable distribution of assets; managing and administering the business of the Receivership Defendant; making necessary payments, such as rental payments; determining and implementing the manner in which the Receivership Defendant will comply with the Orders of the Court and to preventing violations of the law by the Receivership Defendant; instituting, compromising, adjusting, appearing in, and intervening in any lawsuits to protect the assets of the

Receivership Defendant; issuing subpoenas; opening bank accounts; maintaining records; cooperating with law enforcement; and filing reports with the Court. (Doc. # 31 at 14-18).

At this juncture, the Receiver has filed an application in which he seeks fees in the amount of $46,365.00 and costs in the amount of $880.24. The fees represent 168.6 hours expended by the Receiver at the hourly rate of $275.00. The Receiver represents that he has reduced his customary rate of $415.00 and operated at a discount in this case. As for the costs requested, the Receiver explains that "[a]pproximately half of [the costs] amount is mileage for trips to the Clearwater Facilities [of Defendants], while the other half represents the amount paid to a locksmith." (Doc. # 74 at 11). The Receiver has supported his application with a detailed ledger reflecting the fees and costs incurred.

Upon review of the application and supporting documentation and in the absence of an objection, the Court grants the fees and costs requested.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Receiver's First Interim Application for Payment for Services Rendered and Costs Incurred (Doc. # 74) is

3

**GRANTED**.

(2) The Receiver is entitled to $46,365.00 in attorneys' fees and $880.24 in costs.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>17th</u> day of April, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record