```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.                              Case No. 8:13-cv-123-T-33EAJ

INNOVATIVE WEALTH BUILDERS,
INC., ET AL.,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the Receiver's First Interim Application for Payment for Services Rendered and Costs Incurred by Akerman Senterfitt (Doc. # 81), filed on May 29, 2013. No party has filed an objection or response in opposition to the Fee Application, and the time to do so has now expired. The Court accordingly grants the Fee Application as unopposed.

**I.**    **Background**

On January 14, 2013, the Federal Trade Commission initiated this action against Innovative Wealth Builders and its officers for violating the FTC Act and the Telemarketing Sales Rules by engaging in "deceptive telemarketing campaigns throughout the United States designed to take money from already indebted consumers." (Doc. # 1). On that same day, the Court entered an Order appointing Mark J. Bernet as the

Receiver for Innovative Wealth Builders, Inc. and its affiliates, subsidiaries, divisions, or business or sales operations, wherever located. (Doc. # 11 at 14).

The Receiver retained the law firm of Akerman Senterfitt to represent the Receiver in this action. In the Fee Application, the Receiver requests permission to disburse payment to Akerman Senterfitt for $36,463.00 in attorneys' fees and $334.11 in costs. The fees represent 125.2 hours expended by the Akerman Senterfitt attorneys, "and compute to an average hourly rate of $291.24." (Doc. # 81 at 2). The Receiver further represents that "Akerman's hourly rates have been discounted overall by approximately 18 percent, and Akerman has agreed to write-off approximately $11,000 that was initially charged to this matter." (Id.).

## II. Discussion

In determining the reasonableness of fees, the Court must calculate the lodestar, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d

2

1292, 1303 (11th Cir. 1988).  Once the Court has calculated the lodestar, it may adjust the fee awarded upward or downward based upon other considerations, including (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to the attorney's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.  <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717–719 (5th Cir. 1974).

   The Receiver has supported the Fee Application with a detailed description of the legal work so far completed and a detailed fee ledger for each timekeeper.  The Receiver has also supplied the Court with a thorough memorandum addressing the aforementioned factors bearing on the reasonableness of the hours expended and hourly rates requested. Upon review of the Fee Application and supporting documentation and in the absence of an objection, the Court grants the fees and costs requested.

   Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Receiver's First Interim Application for Payment for Services Rendered and Costs Incurred by Akerman Senterfitt (Doc. # 81) is **GRANTED**.

(2) The Receiver is authorized to disburse payment to Akerman Senterfitt in the amount of $36,463.00 for attorneys' fees and in the amount of $334.11 for costs.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of June, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

4