**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FEDERAL TRADE COMMISSION,

        Plaintiff,                             No. 8:13-cv-123-T-33EAJ

v.

INNOVATIVE WEALTH BUILDERS, INC.;
CARLY JANENE PELLAND, a/k/a
CARLY ZURITA; TAMARA DAWN JOHNSON;
SHERYL LEIGH LOPEZ; and INDEPENDANT
RESOURCES NETWORK CORP. also d/b/a IRN
PAYMENT SYSTEMS,

        Defendants.
_____ /

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND**
**FINAL JUDGMENT AS TO INNOVATIVE WEALTH BUILDERS, INC.;**
**CARLY JANENE PELLAND, a/k/a  CARLY ZURITA;**
**TAMARA DAWN JOHNSON; AND SHERYL LEIGH LOPEZ**

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its Complaint for a

Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing

and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-

6108, to obtain temporary, preliminary, and permanent injunctive relief, rescission or

reformation of contracts, restitution, disgorgement of ill-gotten gains, and other equitable relief

for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

and in violation of the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule"

("TSR"), 16 C.F.R. Part 310.  Plaintiff and Defendants Innovative Wealth Builders, Inc.; Carly

Janene Pelland a/k/a Carly Zurita; Tamara Dawn Johnson; and Sheryl Leigh Lopez ("Stipulating

Defendants"), have agreed to entry of this Stipulated Final Judgment and Order for Permanent

Injunction ("Order") by this Court in order to resolve all claims against Stipulating Defendants in

this action.  Plaintiff and Stipulating Defendants have consented to entry of this Order without

trial or adjudication of any issue of law or fact herein.

   **NOW THEREFORE**, Plaintiff and Stipulating Defendants, having requested the Court

to enter this Order, and the Court having considered the Order reached between the parties, **IT IS**

**HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

<u>FINDINGS</u>

   1.  This is an action by the Commission instituted under Sections 13(b) and 19 of the

FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the

TSR, 16 C.F.R. Part 310.  Pursuant to these Sections of the FTC Act and the Telemarketing Act,

the Commission has the authority to seek the relief contained herein.

   2.  The Commission's Complaint states a claim upon which relief may be granted

under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and

Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b).

   3.  This Court has jurisdiction over the subject matter of this case and personal

jurisdiction over the Stipulating Defendants.

   4.  Venue, process, and service of process are proper.

   5.  The activities of Stipulating Defendants, as alleged in the Complaint, are "in or

affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

   6.  Stipulating Defendants neither admit nor deny any of the allegations set forth in

the Commission's Complaint, except as specifically stated in this Order.  Only for purposes of

this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

2

7.      Stipulating Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that any of them may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law.  The Commission and Stipulating Defendants shall each bear their own costs and attorney's fees incurred in this action.

8.      This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9.      Entry of this Order is in the public interest.

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      "**Asset**" **or** "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      "**Assisting Others**" includes, but is not limited to:

A.      performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

B.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales

script, direct mail solicitation, or the design, text, or use of images of any Internet

website, email, or other electronic communication;

        C.     formulating or providing, or arranging for the formulation or provision of,

any marketing support material or service, including but not limited to, web or Internet

Protocol addresses or domain name registration for any Internet websites, affiliate

marketing services, or media placement services;

        D.     providing names of, or assisting in the generation of, potential customers;

        E.     performing marketing, billing, or payment services of any kind; and

        F.     acting or serving as an owner, officer, director, manager, or principal of

any entity.

3.     "**Corporate Defendant**" or "**Receivership Defendant**" means Innovative Wealth

Builders, Inc., and its successors and assigns, as well as any subsidiaries, and any fictitious

business entities or business names created or used by this entity.

4.     "**Debt Relief Product or Service**" means any product, service, plan or program

represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of

payment or other terms of the debt between a Person and one or more unsecured creditors or debt

collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by

a Person to an unsecured creditor or debt collector.

5.     "**Defendant"** means Innovative Wealth Builders, Inc.; Independant Resources

Network Corp. also d/b/a IRN Payment Systems; Carly Janene Pelland a/k/a Carly Zurita;

Tamara Dawn Johnson; and Sheryl Leigh Lopez, individually, collectively, or in any

combination.

6.     "**Document**" or "**Documents**" means any materials listed in Federal Rule of Civil

Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

7.      "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.      "**Financial Related Product or Service**" means any product or service represented, directly or by implication, to:

> A.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

> B.      improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

> C.      provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

> D.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

> E.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

9.  "**Individual Defendants**" means Carly Janene Pelland a/k/a Carly Zurita; Tamara Dawn Johnson; and Sheryl Leigh Lopez, and by whatever other names each may be known.

10.  "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11.  "**Plaintiff**" means the Federal Trade Commission ("Commission" or "FTC").

12.  "**Stipulating Defendants**" means Innovative Wealth Builders, Inc.; Carly Janene Pelland a/k/a Carly Zurita; Tamara Dawn Johnson; and Sheryl Leigh Lopez; and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

13.  "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services, or a charitable contribution, by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## I.

### PERMANENT BAN ON TELEMARKETING

**IT IS THEREFORE ORDERED** that Stipulating Defendants, whether acting directly or through any Person, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from participating in Telemarketing, or assisting others engaged in Telemarketing.

## II.

### PERMANENT BAN ON MARKETING DEBT RELIEF PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, whether acting directly or

through any Person, trust, corporation, partnership, limited liability company, subsidiary,

division, or other device, are permanently restrained and enjoined from engaging in, participating

in, or assisting others in the advertising, marketing, promotion, offering for sale, sale, or

distribution of any Debt Relief Product or Service.

**III.**

**PROHIBITED PRACTICES RELATING TO**
**FINANCIAL RELATED PRODUCTS OR SERVICES**

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents,

servants, employees, attorneys, and all other Persons in active concert or participation with any

of them, who receive actual notice of this Order by personal service or otherwise, whether acting

directly or through any trust, corporation, partnership, limited liability company, subsidiary,

division, or other device, in connection with the advertising, marketing, promotion, offering for

sale, or sale of any Financial Related Product or Service, are permanently restrained and enjoined

from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by

implication, any material fact, including but not limited to:

1.      The terms or rates that are available for any loan or other extension of

credit, including but not limited to:

a.      closing costs or other fees;

b.      the payment schedule, the monthly payment amount(s), or other

payment terms, or whether there is a balloon payment; interest rate(s), annual

percentage rate(s), or finance charge; the loan amount, the amount of credit, the

draw amount, or outstanding balance; the loan term, the draw period, or maturity;

or any other term of credit;

c.      the savings associated with the credit;

d.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third party;

e.      whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

f.      that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

g.      that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.      That any Person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.      Any Person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

4.      Any aspect of any mortgage loan modification service or foreclosure relief service, including, but not limited to, the amount of savings or reduction in interest rate, loan principal, or monthly payment that a consumer will receive from purchasing, using, or enrolling in such mortgage loan modification service or foreclosure relief service; the amount of time before a consumer will receive a mortgage loan modification or relief

from foreclosure; the likelihood that a consumer will obtain a modified mortgage loan or relief from foreclosure; or the reduction or cessation of collection calls; and

     5.     That a consumer will receive legal representation; and

B.     Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## IV.

## PROHIBITED PRACTICES RELATING TO
## ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.     That any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person, government entity, or public, non-profit, or other non-commercial program, or any other program;

C.     The total costs to purchase, receive, or use, or the quantity of, the product, or

service;

D.      Any material restriction, limitation, or condition on purchasing, receiving, or

using the product or service; and

E.      Any material aspect of the performance, efficacy, nature, or characteristics of the

product or service.

## V.

## SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents,

servants, employees, attorneys, and all other Persons in active concert or participation with any

of them, who receive actual notice of this Order by personal service or otherwise, whether acting

directly or through any trust, corporation, partnership, limited liability company, subsidiary,

division, or other device, in connection with the advertising, marketing, promotion, offering for

sale or sale of any product or service, are permanently restrained and enjoined from making any

representation or assisting others in making any representation, expressly or by implication,

about the benefits, performance, or efficacy of any product or service, unless, at the time such

representation is made, Stipulating Defendants possess and rely upon competent and reliable

evidence that substantiates that the representation is true.

## VI.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of nine million nine hundred thirty-nine thousand three

hundred eighty-eight and 49/100 Dollars ($9,939,388.49) is hereby entered in favor of the

Commission against Stipulating Defendants, jointly and severally, as equitable monetary relief.

This amount is due and payable to the Commission or its designated agent immediately.

B.      The judgment set forth in paragraph A of this Section shall be partially satisfied

by any funds turned over to the Commission or its designated agent by Independant Resources

Network Corp. also d/b/a IRN Payment Systems in this action, *Federal Trade Commission v.*

*Innovative Wealth Builders, Inc.*, *et al.*, Civ. No. 8:13-cv-123-T-33EAJ (M.D. Fla.).

C.      Stipulating Defendants relinquish dominion and all legal and equitable right, title,

and interest in all Assets transferred pursuant to this Order and may not seek the return of any

Assets.

D.      The facts alleged in the Complaint will be taken as true, without further proof, in

any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

enforce its rights to any payment or monetary judgment pursuant to this Order, such as a

nondischargeability complaint in any bankruptcy case.

E.      The facts alleged in the Complaint establish all elements necessary to sustain an

action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

§ 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.      Stipulating Defendants acknowledge that their Taxpayer Identification Numbers

(Social Security Numbers or Employer Identification Numbers), which Stipulating Defendants

previously submitted to the Commission, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G.      All money paid to the Commission pursuant to this Order may be deposited into a

fund administered by the Commission or its designee to be used for equitable relief, including

consumer redress and any attendant expenses for the administration of any redress fund.  If a

representative of the Commission decides that direct redress to consumers is wholly or partially

impracticable or money remains after redress is completed, the Commission may apply any

remaining money for such other equitable relief (including consumer information remedies) as it

determines to be reasonably related to Stipulating Defendants' practices alleged in the

Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury

as disgorgement.  Stipulating Defendants have no right to challenge any actions the Commission

or its representatives may take pursuant to this Subsection.

**VII.**

**PROHIBITIONS REGARDING CONSUMER INFORMATION**

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents,

servants, employees, attorneys, and all other Persons in active concert or participation with any

of them who receive actual notice of this Order by personal service or otherwise, are

permanently restrained and enjoined from:

A.      Failing to provide sufficient customer information to enable the Commission to

efficiently administer consumer redress.  Stipulating Defendants represent that they have

provided this redress information to the Commission.  If a representative of the Commission

requests in writing any information related to redress, Stipulating Defendants must provide it, in

the form prescribed by the Commission, within fourteen (14) days;

B.      Disclosing, using, or benefitting from customer information, including the name,

address, telephone number, email address, social security number, other identifying information,

or any data that enables access to a customer's account (including, but not limited to, a credit

card, bank account, or other financial account), of any Person which any Stipulating Defendant

obtained prior to entry of this Order in connection with the marketing or sale of any Debt Relief

Product or Service; and

C.      Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VIII.

### PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly, or through any trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Debt Relief Product or Service from any Stipulating Defendant.

## IX.

### ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.      Each Stipulating Defendant, within seven (7) days of entry of this Order, must

submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of

perjury.

B.      For five (5) years after entry of this Order, each Individual Defendant for any

business that she, individually or collectively with any other Defendants, is the majority owner or

controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to:

(1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents,

and representatives who participate in conduct related to the subject matter of the Order; and (3)

any business entity resulting from any change in structure as set forth in the Section titled

Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for

current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Stipulating Defendant delivered a copy

of this Order, that Stipulating Defendant must obtain, within thirty (30) days, a signed and dated

acknowledgment of receipt of this Order.

## X.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to

the Commission:

A.      One (1) year after entry of this Order, each Stipulating Defendant must submit a

compliance report, sworn under penalty of perjury.

1.      Each Stipulating Defendant must:  (a) identify the primary physical,

postal, and email address and telephone number, as designated points of contact, which

representatives of the Commission may use to communicate with each Stipulating

Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their

14

names, telephone numbers, and physical, postal, email, and Internet addresses; (c)

describe the activities of each business, including the goods and services offered, the

means of advertising, marketing, and sales, and the involvement of any other Defendant

(which Individual Defendants must describe if they know or should know due to their

own involvement); (d) describe in detail whether and how that Stipulating Defendant is in

compliance with each Section of this Order; and (e) provide a copy of each Order

Acknowledgment obtained pursuant to this Order, unless previously submitted to the

Commission.

      2.      Additionally, each Individual Defendant must: (a) identify all telephone

numbers and all physical, postal, email and Internet addresses, including all residences;

(b) identify all business activities, including any business for which she performs services

whether as an employee or otherwise and any entity in which she has any ownership

interest; and (c) describe in detail her involvement in each such business, including title,

role, responsibilities, participation, authority, control, and any ownership.

B.      For twenty (20) years following entry of this Order, each Stipulating Defendant

must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of

any change in the following:

      1.      Each Stipulating Defendant must report any change in:  (a) any designated

point of contact; or (b) the structure of any Corporate Defendant or any entity that

Stipulating Defendant has any ownership interest in or controls directly or indirectly that

may affect compliance obligations arising under this Order, including: creation, merger,

sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any

acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which she performs services whether as an employee or otherwise and any entity in which she has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Innovative Wealth Builders, Inc., et al. (X130023).

## XI.

### RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years.

16

Specifically, Corporate Defendant and each Individual Defendant for any business in which she, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

      A.      accounting records showing the revenues from all goods or services sold;

      B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

      C.      records of all consumer complaint and refund requests, whether received directly or indirectly, such as through a third party, and any response;

      D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

      E.      a copy of each unique advertisement or other marketing material.

## XII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, and any failure to transfer any assets as required by this Order:

      A.      Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate

directly with each Stipulating Defendant.  Stipulating Defendant must permit representatives of

the Commission to interview any employee or other person affiliated with any Stipulating

Defendant who has agreed to such an interview.  The person interviewed may have counsel

present.

C.      The Commission may use all other lawful means, including posing, through its

representatives, as consumers, suppliers, or other individuals or entities, to Stipulating

Defendants or any individual or entity affiliated with Stipulating Defendants, without the

necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful

use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-

1.

## XIII.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Stipulating Defendants shall, in connection with this

action or any subsequent investigations related to or associated with the transactions or the

occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC

and appear, or cause their officers, employees, representatives, or agents to appear, at such places

and times as the FTC shall reasonably request, after written notice, for interviews, conferences,

pretrial discovery, review of documents, and for such other matters as may be reasonably

requested by the FTC.  If requested in writing by the FTC, Stipulating Defendants shall appear,

or cause their officers, employees, representatives, or agents to appear, and provide truthful

testimony in any trial, deposition, or other proceeding related to or associated with the

transactions or the occurrences that are the subject of the Complaint, without the service of a

subpoena.

## XIV.

## <u>CONTINUATION OF RECEIVERSHIP</u>

**IT IS FURTHER ORDERED** that the appointment of Mark J. Bernet as Receiver over

the Receivership Defendant pursuant to Section VIII of the Preliminary Injunction Order entered

on January 25, 2013, is hereby continued in full force and effect until further order by the Court.

## XV.

## <u>DISSOLUTION OF ASSET FREEZE</u>

**IT IS FURTHER ORDERED** that the freeze on the Assets of Carly Janene Pelland

a/k/a Carly Zurita; Tamara Dawn Johnson; and Sheryl Leigh Lopez, pursuant to the Preliminary

Injunction entered in this action shall be lifted upon entry of this Order.  The freeze on the Assets

of the Corporate Defendant shall remain in effect until further order by the Court.  A financial

institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on

Stipulating Defendants' Assets has been lifted.

## XVI.

## <u>SEVERABILITY</u>

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and

severable from one another.  If any provision is stayed or determined to be invalid, the remaining

provisions shall remain in full force and effect.

## XVII.

## <u>JURISDICTION</u>

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of September,

2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record