UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

       Plaintiff,

v.                           Case No.  8:13-cv-123-T-33EAJ

INNOVATIVE WEALTH BUILDERS,
INC., ET AL.,

       Defendants.
_____/

**ORDER**

    This matter is before the Court pursuant to the Receiver's Third and Final Application for Payment for Services Rendered and Costs Incurred (Doc. # 124) and the Receiver's Second and Final Application for Payment for Services Rendered and Costs Incurred by Akerman, LLC (Doc. # 125), both filed on September 26, 2014. The Receiver's Final Status Report and Motion to Conclude Receivership and Discharge Receiver (Doc. # 126) is also before the Court. Upon due consideration, the Court grants the Motions in part as follows.

**Discussion**

    On January 14, 2013, the Federal Trade Commission initiated this action against Innovative Wealth Builders and its officers for violating the FTC Act and the Telemarketing Sales Rules by engaging in "deceptive telemarketing campaigns

throughout the United States designed to take money from already indebted consumers." (Doc. # 1). On that same day, the Court entered an Order appointing Mark J. Bernet, Esq. as the Receiver for Innovative Wealth Builders, Inc. and its affiliates, subsidiaries, divisions, or business or sales operations, wherever located (the "Receivership Defendant"). (Doc. # 11 at 14).

On January 25, 2013, the FTC and the Defendants entered into an agreed Preliminary Injunction barring deceptive telemarketing activities. (Doc. # 31). The agreed Preliminary Injunction contains a detailed list of the Receiver's official duties, including but not limited to, assuming full control of the Receivership Defendant; taking custody, control, and possession of the Receivership Defendant's assets; securing the business premises of the Receivership Defendant; conserving, holding, and managing all of the Receivership Defendant's assets; entering into contracts and purchasing insurance as necessary; preventing the inequitable distribution of assets; managing and administering the business of the Receivership Defendant; making necessary payments, such as rental payments; determining and implementing the manner in which the Receivership Defendant will comply with the Orders of the Court and to prevent

2

violations of the law by the Receivership Defendant; instituting, compromising, adjusting, appearing in, and intervening in any lawsuits to protect the assets of the Receivership Defendant; issuing subpoenas; opening bank accounts; maintaining records; cooperating with law enforcement; and filing reports with the Court. (Id. at 14-18).

On September 9, 2013, the Court entered a Stipulated Order for Permanent Injunction and Final Judgment as to Innovative Wealth Builders, Inc.; Carly Pelland; Tamara Johnson; and Sheryl Lopez. (Doc. # 103). That Order contained a money judgment in the amount of $9,939,388.49 in favor of the Federal Trade Commission. (Id. at 10). That Order also noted that "the appointment of Mark J. Bernet as receiver over the Receivership Defendant . . . is hereby continued in full force and effect until further order by the Court." (Id. at 19). Thereafter, on June 10, 2014, the Court entered a Stipulated Order for Permanent Injunction and Monetary Judgment as to Independent Resources Network Corp. (Doc. # 121). Among other things, that Order contained a money judgment in the amount of $3,481,597.63 in favor of the Federal Trade Commission. (Id. at 10). That Order also terminated the Receivership. (Id. at 15).

At this juncture, the Receiver seeks an award of fees in the amount of $8,800 and costs in the amount of $99.89. (Doc. # 124).  In addition, the Receiver seeks payment for services rendered by Akerman, LLP in the amount of $10,289.50 and $524.39 for expenses incurred by Akerman, LLP.  Upon review of the Motions and supporting documentation and in the absence of an objection, the Court grants the fees and costs requested.

In addition to requesting fees and costs, the Receiver has filed a final status report in which he makes a number of requests. Specifically, the Receiver requests permission to destroy approximately 40 desktop computers and to destroy thousands of pages of materials containing "personally identifiable information." (Doc. # 126 at 7).  The Receiver estimates that "the cost to destroy the paper records and computers will be approximately $930." (Id.). The Receiver also requests an order discharging him, a general release, and an order cancelling and discharging any receivership bonds posted.

The Court grants the Receiver permission to destroy the desktop computers and paper records as mentioned in the final status report.  However, to the extent the Receiver requests a "release" from the Court and/or the discharge of "receivership bonds," the Motion is denied without prejudice

4

because the Receiver is required to provide further information to the Court.  For instance, with respect to a release, the Receiver should prepare proposed release language for the Court's review, after circulating such language to opposing counsel.  In addition, to the extent the Receiver requests that any bonds be discharged, he should specifically identify the bond to be discharged.[1]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The Receiver's Third and Final Application for Payment for Services Rendered and Costs Incurred (Doc. # 124) is **GRANTED.**  The Receiver is entitled to $8,800.00 in fees and $99.89 in costs.

(2)  The Receiver's Second and Final Application for Payment for Services Rendered and Costs Incurred by Akerman, LLC (Doc. # 125) is **GRANTED.**  Akerman, LLP is entitled to $10,289.50 in fees and $524.39 in expenses.

(3)  The Receiver's Final Status Report and Motion to Conclude Receivership and Discharge Receiver (Doc. # 126) is granted to the extent that the Receiver is authorized to destroy the desktop computers and paper records.  The

---

[1] The Court is not presently aware of any receivership bonds that have been entered into in connection with this case.

Motion is otherwise denied without prejudice consistent with the foregoing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record